UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  NO. 3:23-CR-13-KHJ-LGI

BEN BERNARD CASTON

ORDER

Before the Court is Defendant Ben Bernard Caston's [29] Motion to Dismiss. The United States' single-count indictment charges Caston with knowingly possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). *See* Indictment [1]. Caston moves to dismiss the indictment, arguing the Fifth Amendment's Double Jeopardy Clause bars prosecution here. *See* [29] at 1–2. The Court denies Caston's motion.

I. Background

In 1997, Caston pleaded guilty to two federal felonies: (1) armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and (2) use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). *See* Resp. [30] at 1 n.1; Revocation Hearing Transcript [86] at 4, *United States v. Caston*, No. 3:96-CR-70 (Apr. 17, 2023). The Court sentenced him to roughly 20 years, followed by four years of supervised release. *See* [86] at 4, *Caston*, No. 3:96-CR-70. The Court imposed requirements for Caston's supervised release, such as "ordering him not to commit

another federal, state, or local crime." *Id.* Caston began his supervised release on June 12, 2015, subject to those conditions. *Id.*

In 2018, Caston and Frederick Harper—who was also on federal supervised release—stole a vehicle that contained firearms. *See* [30] at 1–2. The two men "intended to sell the firearms . . . but they were pulled over by an officer" before completing the sale. *Id.* at 2. Harper ran; Caston was arrested. *Id.* Caston nevertheless escaped after the officer placed him in the back of the patrol car. *Id.* He was found and arrested several days later. *Id.* Caston was tried for armed robbery and acquitted in the Circuit Court of Hinds County. *Id.*

Following the Hinds County trial, this Court held a revocation hearing to decide whether Caston violated the conditions of his supervised release. Caston admitted three violations:

1) [e]scape from a Jackson Police Department patrol car following his arrest;
2) association with Frederick Harper, a known convicted felon; and
3) after Caston had been arrested and questioned by the Jackson Police Department, he unlawfully escaped custody and his whereabouts were unknown until he was captured in Crystal Springs, Mississippi, by the United States Marshals' Fugitive Task Force.

[30] at 2–3; *see also* Judgment [77] at 1–2, *Caston*, No. 3:96-CR-70. The Court also found that Caston violated the conditions of his supervised release when he committed and conspired to commit robbery. *See* Judgment [77] at 1–2, *Caston*, No. 3:96-CR-70. On September 9, 2019, the Court sentenced Caston to eight years of imprisonment for those violations. *See id.* at 3.

Three and a half years later, the United States brought the current indictment. *See* [1]. Caston moves to dismiss the indictment, arguing it violates the Fifth Amendment's Double Jeopardy Clause. [29].

II.  Analysis

According to Caston, the Double Jeopardy Clause bars prosecution because the indictment is based on the same conduct that "Caston was acquitted of in the Hinds County Circuit Court . . . and found guilty of during his Revocation Hearing." [29] at 2. The Court disagrees.

"The Fifth Amendment's Double Jeopardy Clause states that no person may be 'twice put in jeopardy' 'for the same offence.'" *United States v. Wills*, 40 F.4th 330, 333 (5th Cir. 2022) (quoting U.S. Const. amend. V, cl. 2). But "[w]hen a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offenses.'" *United States v. Angleton*, 314 F.3d 767, 771 (5th Cir. 2002) (quoting *Heath v. Alabama*, 474 U.S. 82, 87 (1985)). "As a sovereign, the United States 'has the right to decide that a state prosecution has not vindicated a violation of the "peace and dignity" of the federal government.'" *Id.* (quoting *Heath*, 474 U.S. at 93). In short, the Double Jeopardy Clause "does not bar the United States from prosecuting a defendant for the same conduct after an unsuccessful state prosecution." *Id.* at 776. Accordingly, Caston's acquittal in the Hinds County Circuit Court "does not bar" prosecution here. *See id.*

Caston next argues that the Double Jeopardy Clause bars prosecution because the indictment is based on the same conduct that he was "found guilty of during his Revocation Hearing." [29] at 2. This argument also fails.

"[T]he same conduct can result in both a revocation of a defendant's supervised release and a separate criminal conviction without raising double jeopardy concerns." *United States v. Wilson*, 939 F.3d 929, 931 (8th Cir. 2019). "[W]hen a defendant is penalized for violating the terms of his [supervised release], what the court is really doing is adjusting the defendant's sentence for his original crime." *United States v. Lipscomb*, 66 F.4th 604, 612 (5th Cir. 2023) (quoting *United States v. Haymond*, 588 U.S. 634, 648 n.5 (2019) (plurality)). Federal courts take this approach because "construing revocation and reimprisonment as punishment for the violation of the conditions of supervised release" would raise "serious constitutional questions." *Johnson v. United States*, 529 U.S. 694, 700 (2000). "Treating postrevocation sanctions as part of the penalty for the initial offense . . . avoids these difficulties." *Id.*

"Because revocation of supervised release amounts only to a modification of the terms of [Caston's] original sentence, and does not constitute punishment for the revocation-triggering offense, the Double Jeopardy Clause is not violated by a subsequent prosecution for that offense." *United States v. Richardson*, 269 F. App'x 493, 494 (5th Cir. 2008) (per curiam) (quoting *United States v. Wyatt*, 102 F.3d 241,

245 (7th Cir. 1996)). Caston's argument therefore fails. The Court denies his motion to dismiss the indictment.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. The Court DENIES Defendant Ben Bernard Caston's [29] Motion to Dismiss.

SO ORDERED, this 30th day of May, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE